**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MATHEW STEINMETZ, JR., | Case No. 1:18-cv-148 |
| Plaintiff, | Black, J.<br>Bowman, M.J. |
| v. | |
| OFFICER QUEEN, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

**I.     Background**

Plaintiff, an incarcerated individual who proceeds *pro se*, tendered a complaint against multiple Defendants on April 11, 2018. In his complaint, Plaintiff alleges that on November 18, 2017 while walking down the "top range" of "Unit K5" at the Southern Ohio Correctional Facility ("SOCF"), another inmate called Plaintiff's name from behind, threw an "unknown liquid substance in plaintiff's eyes," and began to punch plaintiff in the face. (Doc. 8). Plaintiff claims that the other inmate, Marshall, then "shoved plaintiff off the top range," causing serious injuries to Plaintiff. After plaintiff's fall, Plaintiff alleges that Inmate Marshall continued to assault Plaintiff, while Defendant Officer Queen "just stood froze[n] and watched plaintiff get attacked, and did nothing to intervene, or stop it." (*Id.*)

Upon initial screening, the undersigned determined that Plaintiff's Eighth Amendment failure-to-protect claim against Officer Queen, in his individual capacity, should be permitted to proceed. Similar claims were permitted to proceed against Defendants Erdos, Davis, Oppy, and Payne out of an abundance of caution based upon Plaintiff's allegation that Inmate Marshall has been involved in past incidents of shoving

or throwing inmates off of the top range at SOCF. However, the undersigned recommended dismissal of Plaintiff's claims against any Defendant in an official capacity to the extent that Plaintiff seeks monetary damages, and further recommended dismissal of any claims based upon a respondeat superior theory. (Doc. 10).

Plaintiff previously moved for the appointment of counsel, but the undersigned denied that motion. (*See* Docs. 9, 21). Plaintiff recently filed a second motion seeking the appointment of counsel, as well as a motion to compel discovery, to which Defendants have filed a response.

## II. Analysis of Plaintiff's Two Pending Motions

### A. Plaintiff's Second Motion to Appoint Counsel (Doc. 23)

Unlike his first motion, Plaintiff has attached a memorandum in support of his second motion for the appointment of counsel. In that memorandum, Plaintiff argues in part that he is indigent, that he has only a 10th grade education, and that he is hampered by his serious mental illness. As the undersigned previously explained:

> Thus far, Plaintiff has very clearly articulated his claims that demonstrate both his literacy and basic competence to prosecute his own claims. In short, the instant case simply does not present the type of "exceptional circumstances" that would justify the rare appointment of free counsel for a *pro se* civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993).

(Doc. 21). The circumstances discussed in Plaintiff's current motion remain insufficient to support the appointment of counsel. Therefore, for the reasons more fully expressed in the Court's July 2, 2018 Order, Plaintiff's second motion will be denied.

### B. Plaintiff's Motion to Compel Discovery (Doc. 25)

In addition to seeking the appointment of counsel, Plaintiff has filed a motion

2

seeking to compel responses to his written discovery requests. Specifically, Plaintiff served written Requests for the Production of Documents on former defense counsel on June 22, 2018.[1] After requesting an extension of time in which to respond, former Assistant Attorney General Justin Turner served responses on August 22, 2018. In those responses, Defendants objected to all Requests and produced responsive documents to only one Request. New counsel for Defendants entered his appearance after responses were served. Plaintiff wrote to new counsel, explaining the basis for his Requests and why he disagreed with Defendants' stated objections. In his letter, Plaintiff informed new defense counsel of his intention to file a formal motion to compel discovery should the Defendants continue to decline to produce responsive documents.

Defendants did not respond immediately to Plaintiff's correspondence, prompting Plaintiff's motion. Local Rule 37.1 and Federal Rule of Civil Procedure 37 require the parties to use their best efforts to resolve any discovery dispute prior to filing a formal motion. On this occasion, the undersigned concludes that Plaintiff made a good faith attempt to resolve the issues presented prior to filing his motion.

Plaintiff first argues that Defendants have waived all objections to the Requests for Production by failing to provide initial responses, including written objections, within the 30 day time limit specified by Rule 34, Fed. R. Civ. P. However, the rule and case law on which Plaintiff relies for this proposition are not persuasive on the facts presented, because defense counsel specifically requested and was granted an extension of time in which to serve his initial responses.

---

[1] Plaintiff's motion does not reference Interrogatories or any other written discovery requests.

In response to Plaintiff's motion, Defendants have withdrawn their objection to Request No. 1. In that request, Plaintiff sought copies of conduct reports of all Inmate Marshall's past incidents of pushing/throwing other inmates off the top range at SOCF and any other prior conduct reports from other institutions wherein Inmate Marshall received similar conduct reports of pushing/throwing inmates off of the top range. Based on the Defendants' withdrawal of their objection to producing these relevant documents, the undersigned concludes that Plaintiff's motion is now moot as to Request No. 1.

Request No. 2 seeks copies of Plaintiff's "medical records associated with this lawsuit" or to "allow Plaintiff to inspect his medical file at CRC…and make copies…." Defendants' original response stated that "a convenient date and time will be arranged for you to review (inspect) your medical records and to make copies of medical documents related to this lawsuit." Defendants argue that the response sufficiently advised Plaintiff that "he could contact medical staff…to set up a time to inspect his medical record" at his current facility. (Doc. 27 at 1-2). However, that is not entirely accurate since the wording of the response suggested that Defendants would arrange a "date and time…for you." In the interests of justice, the undersigned will grant Plaintiff's motion to compel Defendants to promptly produce documents responsive to Request No. 2.

Request No. 3 seeks a "copy of the video footage of the attack." Defendants' original response to Request No. 3 stated that "a convenient date and time will be arranged for you to review (inspect) the video recording." Current defense counsel represents that he "personally visited Plaintiff to allow him to view all security footage available of the alleged incident." (Doc. 27 at 2). Based on that response, the undersigned will deny the motion to compel a response to Request No. 3 as moot.

Plaintiff does not seek to compel a further response to Request No. 4, having conceded the applicability of Defendants' asserted privilege. (*See* Doc. 25 at 11).

In Request No. 5, Plaintiff seeks a "copy of inmate Marshall's range restrictions if any." Defendants initially objected in part on the basis of relevance. However, they also declined to produce the records because they are records relating to another inmate that are deemed to be confidential, and raise "security concerns." Plaintiff argues that the documents are relevant "because if Inmate Marshall wasn't supposed to be" in the area where the incident occurred, Plaintiff believes he can "establish supervisor liability." (Doc. 25 at 11-12). In their response to Plaintiff's motion to compel, Defendants state their "belief" that no such "range restrictions" exist. While maintaining the assertion of confidentiality, Defendants concede relevance and do not object to disclosure for in camera review by this Court, should any responsive documents be discovered. Therefore, the undersigned will grant the motion to compel in part, by requiring Defendants to produce any unredacted responsive documents in camera to this Court. After inspection, the undersigned will determine whether a privilege exists concerning any documents. If after diligent inspection no responsive documents are discovered, Defendants should amend their response to Request No. 5 by stating that fact.[2]

In Request No. 6, Plaintiff seeks copies of SOCF policies "regarding what range a correctional officer working in a prison unit is supposed to be on when a maximum security unit is having a mass movement range by range." Without identifying any particular

---

[2] It is unclear whether Defendants would object to providing the same information (whether Inmate Marshall had any restrictions that prohibited him from being in the location of the incident) in response to an Interrogatory.

5

policy, Defendants' initial response referred Plaintiff to copies of the Ohio Administrative Code, the Ohio Revised code, and/or ODRC policies available at the prison library. Defendants' general reference to all provisions of the Ohio Administrative Code, the Ohio Revised Code, and ODRC policies was inappropriate. However, Defendants' response in opposition to the motion to compel further states that Defendants "are unaware any such policy exists," and generally asserts that further documentation "constitutes a private security policy" which production is "outweighed by any arguable relevance." (Doc. 27 at 2). Because Plaintiff's motion does not identify the basis for the request other than a general assertion that the documents "are relevant to this case," the undersigned will deny the motion to compel a further response at this time.

In Request No. 7, Plaintiff seeks a copy of SOCF "correctional officers working in a maximum 4A security unit's postal orders." Defendants decline to disclose such documentation "because it constitutes a private security policy…which is outweighed by any arguable relevance." The Defendants do not object to future disclosure of the Postal Orders for in camera review to this Court. The undersigned also will deny Plaintiff's motion to compel disclosure of documents responsive to Request No. 7 at this time, in the absence of a further showing of relevance.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiff's motion to appoint counsel (Doc. 23) is **DENIED;**

2. Plaintiff's motion to compel discovery (Doc. 25) is **DENIED in part** and **GRANTED in part** as follows, with any additional responses to be produced to Plaintiff and/or this Court within **ten (10) days** of the date of this Order:

a. The motion to compel further responses to Request Nos. 1 and 3 is denied as moot;

b. The motion to compel a further response to Request No. 2 is granted;

c. The motion to compel a further response to Request No. 5 is granted, consistent with the body of this Order. Defendants shall either produce the responsive documents for in camera judicial review, or alternatively, will more clearly state and affirm in a supplemental response that no responsive documents exist;

d. The motion to compel further responses to Request Nos. 6 and 7 is denied without prejudice to Plaintiff to renew his request should further proceedings provide a much stronger showing of relevance.

.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge